12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. RAWLINGS; John W. Rawlings, Plaintiffs-Appellants,
v.
NATIONAL BANK OF NORTH CAROLINA (NCNB); Stewart Title
Company; Freedlander Mortgage Company; National
Mortgage Company; Randall Fishman,
Defendants-Appellees.
 Nos. 92-6368, 92-6369.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1993.
 
 Before: KENNEDY, MILBURN and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Charles Rawlings and John Rawlings, pro se litigants, appeal from a district court judgment dismissing some of the defendants and granting summary judgment to the other defendants. The defendants have filed a motion to dismiss the appeal because the plaintiffs failed to file the appendix. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking equitable relief, Charles Rawlings, along with his brother, John Rawlings, and their mother, Mabel Rawlings, sued several defendants, all of whom were allegedly involved in the foreclosure of a residence located in Memphis, Tennessee. The district court entered an order of partial dismissal, concluding that the plaintiffs had failed to state a cause of action on all claims except for a claim pursuant to the Fair Housing Act, 42 U.S.C. Sec. 3601 et seq., and that Mabel Rawlings had failed to state a cause of action. Further, the court concluded that the plaintiffs had failed to allege a federal cause of action against Stewart Title Company, and Stewart was dismissed from the case. See Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990).
 
 
 3
 Subsequently, National Mortgage Company's motion for summary judgment was granted, the court concluding that the plaintiffs' failure to answer National's request for admissions resulted in the admission of the matters contained within the request and, therefore, that there was no genuine issue as to any material fact and National was entitled to judgment as a matter of law. See Fed.R.Civ.P. 36(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The National Bank of North Carolina ("NCNB") and Randall Fishman also moved for summary judgment. The district court granted both motions, concluding that the plaintiffs' responses to their motions, and the affidavits submitted in support, failed to set forth specific facts showing that there was a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Finally, the district court ordered that the complaint be dismissed as to Freedlander Mortgage Company pursuant to Fed.R.Civ.P. 4(j).
 
 
 4
 On appeal, the plaintiffs allege that the district court did not allow them to submit evidence in support of their claims. They also allege that the district court was controlled and manipulated by the defendants' attorney and that the district court was partial to the defendants. Defendants NCNB and Randall Fishman move to dismiss the plaintiffs' appeal for failure to file an appendix.
 
 
 5
 Upon de novo review, we affirm the judgment of the district court. The record indicates that the plaintiffs were not prevented from filing evidence, either documentary or otherwise, in support of their claims, in support of their motions, or in response to the defendants' motions. Contrary to the plaintiffs' allegations, by not affording oral argument, the district court did not prevent the plaintiffs from introducing evidence they could not otherwise bring to the court's attention through affidavits, attachments to their responses, or otherwise. The plaintiffs were given more than adequate opportunity to establish and support their claims, but failed to do so. Moreover, there is no indication that the district court was manipulated and controlled by the defendants' attorney or that the district court was partial to the defendants.
 
 
 6
 Accordingly, the motion to dismiss the appeal is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.